IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLIFFORD A. CLARK,

                      Plaintiff,                    Case No. 3:09 CV 1537

-vs-

                                              MEMORANDUM OPINION

U. S. POSTAL SERVICE

                      Defendant.

KATZ, J.

Plaintiff Clifford A. Clark commenced this action on June 3, 2009, in the Small Claims Court of Putnam County, Ohio, claiming that Defendant United States Postal Service lost a $225.00 money order that he had purchased with his stimulus check. Plaintiff claims that it cost him $30.00 at the bank to stop payment on the money order and reissue another to him. The claim was properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Defendant now moves for the claim to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks jurisdiction. (Doc. 5). The motion will be granted.

This Court construes Plaintiff's claim as a tort action against the Postal Service for the negligent mishandling of his mail pursuant to the Federal Tort Claims Act (FTCA), see 28 U.S.C. §§ 2671-2680. As such, it must be dismissed for two reasons. First, Clark failed to name the United States as a defendant. A district court lacks subject matter jurisdiction over an FTCA action where the plaintiff fails to name the United States as a defendant. See 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990). Second, even if Clark had named the United States as a defendant, the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail which are filed under the FTCA. See 28 U.S.C. § 2680(b); *Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir.1985). It is well

settled that "the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation and citation omitted).

Therefore, Defendant's motion to dismiss (Doc. 5) is granted, and the case is dismissed.

IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE